FILED

1  **BRYAN CAVE LLP**
   PAMELA CARROLL CALVET, California Bar No. 112612
2  CHELSEA D. SPUCK, California Bar No. 217746
   120 Broadway, Suite 300
3  Santa Monica, California 90401-2386
   Telephone:  (310) 576-2100
4  Facsimile:  (310) 576-2200
   E-Mail:     pccalvet@bryancave.com
5              chelsea.spuck@bryancave.com

6  Attorneys for ANSCHUTZ
   ENTERTAINMENT GROUP, INC.

7

2010 APR 29  PM 3:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

8

9              **IN THE UNITED STATES DISTRICT COURT**

10             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11 ALBERT MORA,                          **CV10-3242 DSF (FMOx)**
                                          Case No. _____
12             Plaintiff,
                                          [Los Angeles Superior Court Case
13         v.                             No. BC434534]

14 ANSCHUTZ ENTERTAINMENT              **DEFENDANT ANSCHUTZ**
   GROUP, INC.; a CORPORATION; AND     **ENTERTAINMENT GROUP,**
15 DOE'S 1 THROUGH 20 INCLUSIVE.       **INC.'S NOTICE OF REMOVAL**
                                        **UNDER 28 U.S.C. §§ 1331 AND**
16             Defendants.              **1441(a),(b)**

17                                      **(FEDERAL QUESTION)**

18                                      Complaint Filed:  March 24, 2010

19

20

21     **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO**

22 **ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23     **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446,

24 Defendant Anschutz Entertainment Group, Inc. ("Defendant") removes to this Court

25 the action described below from the Superior Court of the State of California for the

26 County of Los Angeles to the United States District Court for the Central District of

27 California on the basis of federal question jurisdiction.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 **BACKGROUND**

2    1.    Plaintiff Albert Mora filed an action in the Superior Court of the State

3 of California, County of Los Angeles, entitled *Albert Mora v. Anschutz*

4 *Entertainment Group, Inc.; and Does 1 through 20*, Case No. BC434534, on

5 March 24, 2010 ("State Court Action".)

6    2.    Defendant was served with a copy of the Summons and Complaint on

7 March 30, 2010.  Defendant filed an Answer in the State Court Action, but has not

8 taken part in any proceedings or filed any other pleadings.

9    3.    The Complaint asserts in the first and second causes of action,

10 *inter alia*, claims for interference and retaliation in violations of the Family Medical

11 Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*  The Complaint also asserts in its

12 first cause of action an alleged violation of the California Family Rights Act

13 ("CFRA") and in his second cause of action alleged violations of CFRA and the Fair

14 Employment and Housing Act ("FEHA".)  The CFRA and the FEHA claims in

15 these two causes of action arise from the same general allegations as the FMLA

16 claim, but Plaintiff specifically asserts violations of each of the statutes.  The

17 Complaint also asserts causes of action for tortuous retaliation and wrongful

18 termination in violation of public policy.  The bases for Plaintiff's public policy

19 claims include alleged violations of the FMLA.

20 **BASIS FOR REMOVAL**

21    4.    The above-described State Court Action is a civil action over which

22 this Court has original jurisdiction pursuant to 28 U.S.C. Section 1331, and is one

23 that may be removed to this Court by Defendant pursuant to 28 U.S.C.

24 Section 1441, subsections (a) and (b).

25    5.    Section 1441(a) of Title 28 to the United States Code provides for

26 removal of any action in which the United States District Courts have original

27 jurisdiction.  Section 1441(b) states that District Courts have original jurisdiction

28 over any civil action founded on a claim or right arising under the laws of the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

United States.

6.      Plaintiff's alleges that:

a.      At all relevant times, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 was in full force and effect and binding on Defendant and prohibited an employer from interfering with an eligible employee's right to take a FMLA leave. (Compl. ¶¶ 6, and 11.)  Additionally, Plaintiff alleges that FMLA prohibits an employer from retaliating against an employee for exercising his right to take such a leave. (Compl. ¶ 11.)

b.      Plaintiff's first cause of action for interference in violation of FMLA and CFRA alleges, *inter alia*, that Defendant engaged in "improper conduct in the workplace by interfering with Plaintiff's right to take a leave of absence under the FMLA" and that the "alleged statutory schemes prohibit an employer from interfering with an eligible employee's right to take either an FMLA or CFRA leave or retaliating against an employee for wanting to take such a leave." (Compl. ¶ 13.) Plaintiff asserts, *inter alia*, "AEG terminated Mora so as to prohibit him from exercising his rights under the FMLA...." (Compl. ¶ 12.) He further alleges based on Defendant's alleged "willful" conduct "he seeks an award of other damages recoverable under the FMLA ...." (Compl. ¶ 15.)

c.      Plaintiff's second cause of action for retaliation-FMLA, CFRA and FEHA alleges, *inter alia*, that "FMLA" protects "workers from retaliation." (Compl. ¶ 19.) Plaintiff further asserts, *inter alia*, Defendant's conduct "constitutes unlawful retaliation in violation of the FMLA...." (Compl. ¶¶ 20 and 26.)  He further alleges based on Defendant's alleged "willful" conduct "he seeks an award of other damages recoverable under the FMLA...." (Compl. ¶¶ 22 and 27.)

7.      Thus, Plaintiff's first and second causes of action include claims arising under federal law because they are, in part, predicated on an alleged violation of, and seek relief specifically allowed by and pursuant to, a federal statute and are dependent on resolution of substantial and disputed federal questions.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1      8.    This Court has supplemental jurisdiction over the Plaintiff's state law

2 claims. Those claims arise under the same operative facts as Plaintiff's federal

3 claims. Accordingly, each of Plaintiff's state-law claims are related to Plaintiff's

4 federal claims and form a part of the same case and controversy pursuant to 28

5 U.S.C. § 1367(a).

6                  **PROCEDURAL COMPLIANCE**

7      9.    This Notice of Removal is timely filed within thirty days of March 30,

8 2010, when Defendant was served with the Action. 28 U.S.C. § 1446(b).

9      10.    Venue for removal is proper in this court pursuant to 28 U.S.C.

10 Section 1446, because the United States District Court for the Central District of

11 California embraces the Superior Court of the State of California for the County of

12 Los Angeles, the forum in which the removed action was pending.

13      11.    Pursuant to 28 U.S.C. Section 1446(a), attached as Exhibit A are copies

14 of "all process, pleadings, and orders served upon" Defendant. A copy of this

15 Notice of Removal is being served on all parties of record and will be filed with the

16 Clerk of the Superior Court for the County of Los Angeles.

17                     **CONCLUSION**

18      12.    Defendant respectfully requests that the above-described State Court

19 Action be removed from the state court in which it was filed to the United States

20 District Court in and for the Central District of California, and requests further that

21 this Honorable Court issue all necessary orders and process and grant such other and

22 further relief as in law and justice Defendant may be entitled to receive.

23 Dated:      April 29, 2010      Respectfully submitted,

24                          **BRYAN CAVE LLP**

25

26                  By:

27                    PAMELA CARROLL CALVET
                     Attorneys for ANSCHUTZ

28                     ENTERTAINMENT GROUP, INC.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** ANSCHUTZ ENTERTAINMENT GROUP,
**(AVISO AL DEMANDADO):** INC., a corporation; and DOES 1
through 20, inclusive,

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 24 2010

John A. Clarke, Executive Officer/Clerk

By _____ , Deputy
RUGENA LOPEZ

**YOU ARE BEING SUED BY PLAINTIFF:** ALBERT MORA
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 North Hill Street<br>Los Angeles, California 90012<br>Central District | **CASE NUMBER:**<br>(Número del Caso):<br>**BC434534** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
PRATA & DALEY LLP                                    (213) 629-5600   (213) 622-5600
Cassandra J. Zappaterreno (Bar No. 208798)                         RUGENA LOPEZ
515 South Figueroa Street, Suite 1515
Los Angeles, California 90071

DATE:                            Clerk, by _____ , Deputy
(Fecha)   MAR 24 2010            (Secretario)                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

1   PRATA & DALEY LLP
    Robert J. Prata (Bar No. 162600)
2   Cassandra J. Zappaterreno, Esq. (Bar No. 208798)
    Nathan D. Clark (Bar No. 256472)
3   515 South Figueroa Street
    Suite 1515
4   Los Angeles, California  90071
    (213) 622-5600
5   Facsimile (213) 622-5623

6   Attorneys for Plaintiff
    ALBERT MORA

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  ALBERT MORA                        )   Case No.:  **BC434534**
                                       )
12              Plaintiff,             )   COMPLAINT FOR DAMAGES FOR:
                                       )
13       vs.                           )   1.  Interference in Violation of Family and
                                       )       Medical Leave Act and California
14  ANSCHUTZ ENTERTAINMENT GROUP,      )       Family Rights Act;
    INC., a corporation; and DOES 1 through 20, )  2.  Retaliation (Statutory);
15  inclusive,                         )   3.  Retaliation (Tortious);
                                       )   4.  Wrongful Termination in Violation of
16              Defendants.            )       Public Policy
                                       )
17                                     )   Demand For Jury Trial
                                       )
18                                     )   Jurisdiction:  Unlimited

19

20       Plaintiff, Albert Mora, alleges as follows:

21                        **THE PARTIES**

22       1.       Plaintiff Albert Mora ("Mora" or "Plaintiff") is, an individual and at all

23  relevant times alleged herein resided in the State of California and was employed by defendant

24  Anschutz Entertainment Group, Inc. ("AEG") in Los Angeles County.

25       2.       Plaintiff is informed and believes, and on that basis alleges, that

26  defendant, AEG is, and at all relevant times, was a corporation doing business in the County of

27  Los Angeles, California and that it is considered an employer as defined in the California Fair

28  Employment and Housing Act ("FEHA").

                                 1
                            COMPLAINT

EXHIBIT ___A___ PAGE _6_

3. The true names and capacities of fictitious named defendants, sued as Does 1 through 10, inclusive, are unknown to Plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants is responsible in some manner for the wrongful conduct referenced herein, and legally responsible for Plaintiff's injuries and damages. Plaintiff will amend this complaint to allege such defendant's true names and capacities when ascertained.

4. Plaintiff is informed and believes and thereon alleges that the named defendants, Does 1 through 20, and each of them, are, and at all relevant times were, the alter ego, agent, servant, employee, representative, successor, predecessor, joint venturer, and/or partner of each other, and in doing the things herein alleged, each of the co-defendants were acting within the scope of authority conferred upon such parties by the consent, approval, and/or ratification of each of the other co-defendants and Does 1 through 20 whether such authority was actual or apparent. As such, each of the defendants may be held liable, either directly or secondarily, for the acts, errors, and omissions, of each of the other co-defendants.

## GENERAL ALLEGATIONS

5. Plaintiff first became employed with AEG on or about in December 2007 as a Server Architect, Information Technology. At all times while employed, Plaintiff was a dedicated, hard working and loyal employee for AEG performing his duties in an exemplary manner. In fact, AEG acknowledged Plaintiff's exemplary performance by promoting Mora to the position of Server Infrastructure Manager in February 2008 and increasing his annual salary. Then, in November 2008, Mora received a Manager Review Assessment which rated his overall performance at AEG as 4.11 on a scale of 1 to 5. At that time, Mora's supervisor, Denise Taylor ("Taylor"), gave Mora a glowing review and noted that "[Plaintiff's] efforts have contributed significantly to the success of the overall IT team as well as directly to his server team." Accordingly, on January 15, 2009, AEG gave Mora another salary increase based upon his performance rating of "highly successful."

6. In early February 2009, however, a life-threatening incident occurred which required Mora's girlfriend to be hospitalized. In connection with this incident, Mora took

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

EXHIBIT ____A____ PAGE 7

1    off work on February 2 and 3, 2009. Upon his return on February 4, 2009, Mora met separately

2    with his immediate supervisor, Taylor, as well as with AEG's Senior Director of Human

3    Resources, Shawn Imitates Dog ("Imitates Dog"). During the meeting with Taylor, Mora

4    advised her that he had been very shaken up by the incident involving his girlfriend and would

5    need some time away from work in order to deal with his emotional distress and the stress

6    caused by the incident. During the meeting with Imitates Dog, Mora also discussed his situation

7    and asked Imitates Dog to provide him with the necessary information and paperwork so he

8    could take time off from work under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §

9    2601 and the California Family Rights Act ("CFRA"), Govt Code § 12945.2.

10         7.    On February 11, 2009, exactly one week after Mora requested

11    information regarding taking a leave of absence under the FMLA and CFRA, AEG terminated

12    Mora. Although AEG's stated reason for this termination was poor performance, in reality,

13    AEG terminated Mora so as to prevent him from exercising his right to take a leave of absence.

14         8.    AEG's interference, retaliation and termination of Mora caused him to

15    suffer additional health problems and complications, including sever emotional and physical

16    distress. Additionally, AEG's illegal acts caused Mora to suffer from severe financial hardship.

17         9.    After his termination, Mora filed a Complaint of Discrimination against

18    AEG under the provisions of the California Fair Employment and Housing Act. In turn, the

19    Department of Fair Employment and Housing issued a right-to-sue notice to Mora with regard

20    to AEG.

21                      **FIRST CAUSE OF ACTION**

22            (Interference in Violation of the Family and Medical Leave Act

23                    and California Family Rights Act)

24               (Against All Defendants and Does 1-10)

25         10.    Plaintiff incorporates by reference, as though fully set forth at length,

26    paragraphs 1 through 9, inclusive, of this Complaint.

27         11.    At all relevant times, the FMLA and CFRA were in full force and effect

28    and were binding upon defendants. Under those statutory schemes, an employer is prohibited

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5800   FAX: (213) 622-5823

3

COMPLAINT

1   from interfering with an eligible employee's right to take a FMLA or CFRA leave.

2   Additionally, the FMLA and CFRA prohibit an employer from retaliating against an employee

3   for exercising his right to take such a leave.

4       12.    On February 4, 2009, Mora advised AEG that he wanted to exercise his

5   right under the FMLA and the CFRA to take some time off from work in order to deal with his

6   emotional distress and stress caused by the incident with his girlfriend.  In doing so, Mora

7   specifically requested that AEG provide him with the necessary information and paperwork so

8   he could take a FMLA and CFRA leave of absence.  However, rather than to allow Mora to take

9   this leave of absence, AEG instead interfered with Mora's right to take a leave of absence,

10   retaliated against Mora, and then terminated Mora.  AEG terminated Mora so as to prohibit him

11   from exercising his rights under the FMLA and CFRA.

12       13.    Defendants engaged in improper conduct in the workplace by interfering

13   with Plaintiff's right to take a leave of absence under the FMLA and CFRA.  Those statutory

14   schemes prohibit an employer from interfering with an eligible employee's right to take either an

15   FMLA or CFRA leave or retaliating against an employee for wanting to take such a leave.

16   Mora filed a Complaint of Discrimination against AEG under the provisions of the California

17   Fair Employment and Housing Act, and the Department of Fair Employment and Housing

18   issued a right-to-sue notice to Mora with regard to AEG.

19       14.    As a proximate result of defendants' willful, knowing and intentional

20   discrimination, plaintiff has suffered and continues to suffer serious health problems,

21   humiliation, severe emotional distress, mental and physical pain and anguish, all to his damage

22   in a sum according to proof.

23       15.    Based on defendants' willful, knowing, and intentional discrimination

24   against plaintiff, he seeks an award of other damages recoverable under the FMLA, CFRA and

25   FEHA, including punitive damages, in an amount according to proof, and an injunction to

26   prohibit further illegal acts of interference by defendants, and each of them, against present and

27   future employees and applicants.

28   ///

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

4

COMPLAINT

EXHIBIT____A____PAGE__9__

16.     Based on defendants' improper conduct, plaintiff has incurred and continues to incur legal expenses and attorneys' fees and plaintiff seeks recovery of those fees in an amount to be proven at trial.

17.     Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss, severe emotional distress and physical distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

(Retaliation – FMLA, CFRA and FEHA)

(Against All Defendants and Does 1-10)

18.     Plaintiff incorporates by reference, as though fully set forth at length, paragraphs 1 through 17, inclusive, of this Complaint.

19.     California law prohibits retaliation in the workplace. The FMLA, CFRA, FEHA, and other state and federal statutory schemes protect workers from retaliation. Plaintiff was eligible to take medical leave and requested the right to take such leave from AEG. In response, defendants retaliated against Plaintiff by terminating him. Plaintiff is informed and believes that defendants' conduct was designed to advise him that defendants would not tolerate any employee taking medical leave. Further, AEG disseminated the fact that Plaintiff was terminated to other employees in order to send a clear and harsh message that if other employees took medical leave, they, too, would be fired.

20.     The conduct of defendants constitutes unlawful retaliation in violation of the FMLA, CFRA and FEHA.

21.     As a proximate result of defendants' willful, knowing and intentional retaliation, plaintiff has suffered and continues to suffer serious health problems, humiliation, severe emotional distress and mental and physical pain and anguish, all to his damage in a sum according to proof.

22.     Based on defendants' willful, knowing, and intentional retaliation against plaintiff, he seeks an award of other damages recoverable under the FMLA, CFRA and FEHA, including punitive damages, in an amount according to proof, and an injunction to prohibit

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5823

EXHIBIT ___A___ PAGE 10

1 | further acts of retaliation by defendants, and each of them, against present and future employees

2 | and applicants.

3 |      23.    Based on defendants' improper conduct, plaintiff has incurred and

4 | continues to incur legal expenses and attorneys' fees and plaintiff seeks recovery of those fees

5 | which will be proven at trial.

6 | **THIRD CAUSE OF ACTION**

7 | (Retaliation - Tortious)

8 | (Against All Defendants and Does 1-10)

9 |      24.    Plaintiff incorporates by reference, as though fully set forth at length,

10 | paragraphs 1 through 23 inclusive, of this Complaint.

11 |      25.    California law prohibits retaliation in the workplace. The FMLA, CFRA,

12 | FEHA, and other state and federal statutory schemes protect workers from retaliation. Plaintiff

13 | was eligible to take medical leave and requested the right to take such leave from AEG. In

14 | response, defendants retaliated against Plaintiff by terminating him. Plaintiff is informed and

15 | believes that defendants' conduct was designed to advise him that defendants would not tolerate

16 | any employee taking medical leave. Further, AEG disseminated the fact that Plaintiff was

17 | terminated to other employees in order to send a clear and harsh message that if other

18 | employees took medical leave, they, too, would be fired.

19 |      26.    The conduct of defendants constitutes unlawful retaliation in violation of

20 | the FMLA, CFRA and FEHA.

21 |      27.    As a proximate result of defendants' willful, knowing and intentional

22 | retaliation, plaintiff has suffered and continues to suffer serious health problems, humiliation,

23 | severe emotional distress and mental and physical pain and anguish, all to his damage in a sum

24 | according to proof.

25 |      28.    Based on defendants' willful, knowing, and intentional retaliation against

26 | plaintiff, he seeks an award of other damages recoverable under the FMLA, CFRA and FEHA,

27 | including punitive damages, in an amount according to proof, and an injunction to prohibit

28 | further acts of retaliation by defendants, and each of them, against present and future employees

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

EXHIBIT ___A___ PAGE _11_

1   and applicants.

2       29.   Based on defendants' improper conduct, plaintiff has incurred and

3   continues to incur legal expenses and attorneys' fees and plaintiff seeks recovery of those fees

4   which will be proven at trial.

5                    **FOURTH CAUSE OF ACTION**

6              (Wrongful Termination in Violation of Public Policy)

7                  (Against AEG and Does 5-20 inclusive)

8       30.   Plaintiff incorporates by reference, as though fully set forth at length,

9   paragraphs 1 through 29 inclusive, of this Complaint.

10      31.   The above-described conduct of defendants constitutes interference,

11  retaliation and wrongful termination of Plaintiff in violation of public policy embodied in the

12  FEHA.

13      32.   As a proximate result of defendants' willful, knowing and intentional

14  discrimination, retaliation and wrongful termination, Plaintiff has suffered and continues to

15  suffer humiliation, severe emotional distress, mental anguish and physical pain all to his

16  damage in a sum according to proof.

17      33.   Based on defendants' willful, knowing, and intentional wrongful

18  termination of Plaintiff, he seeks an award of other damages recoverable under FEHA, including

19  punitive damages, in an amount according to proof, and an injunction under FEHA to prohibit

20  further acts of wrongful termination by defendants, and each of them, against present and future

21  employees and applicants.

22      34.   Based on defendants' improper conduct, Plaintiff has incurred and

23  continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees

24  in an amount to be proven at trial.

25      WHEREFORE, Plaintiff, Albert Mora, prays for judgment as follows:

26      1.   General damages, in an amount according to proof;

27      2.   Statutory Damages;

28  ///

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

7

3.   Medical and related expenses, past and future, in an amount according to proof;

4.   Damages for other pecuniary losses, in amount(s) according to proof;

5.   Attorney fees as permitted by law or statute;

6.   Punitive Damages;

7.   For costs of suit incurred herein; and

8    For such other and further relief as the Court deems just and proper.

DATED: March 24, 2010

PRATA & DALEY LLP

By _____
Cassandra J. Zappaterreno
Attorneys for Plaintiff, ALBERT MORA

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5800   FAX: (213) 622-5623

8

COMPLAINT

EXHIBIT ___A___ PAGE 13

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

PRATA & DALEY LLP
Cassandra J. Zappaterreno (Bar No. 208798)
515 South Figueroa Street
Suite 1515
Los Angeles, California 90071
TELEPHONE NO.: (213) 622-5600   FAX NO.: (213) 622-5623
ATTORNEY FOR *(Name):* Plaintiff, ALBERT MORA

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 2 4 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RUGENA LOPEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME: ALBERT MORA v. ANSCHUTZ ENTERTAINMENT, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC434534 |
| | | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* 1. Interference in Viol. of FMLA & Calif. Family Rights Act; 2. Retaliation

5. This case [ ] is [X] is not a class action suit. (Statutory); 3. Retaliation (Tortious); & 4. Wrongful Term.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 24, 2010

Cassandra J. Zappaterreno                    ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**   Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT ___ A ___ PAGE 14

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

EXHIBIT ___A___ PAGE 15

BC434534

| SHORT TITLE: ALBERT MORA v. ANSCHUTZ ENTERTAINMENT, INC., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 7 [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (See Column C below)
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

EXHIBIT _A_ PAGE 16

| | | |
|---|---|---|
| SHORT TITLE: ALBERT MORA v. ANSCHUTZ ENTERTAINMENT, INC., et al. | CASE NUMBER | |

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ A6032   Quiet Title | 2., 6. |
| | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer - Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Side labels: Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

| SHORT TITLE: ALBERT MORA v. ANSCHUTZ ENTERTAINMENT, INC., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: ALBERT MORA v. ANSCHUTZ ENTERTAINMENT, INC., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 800 W. Olympic Boulevard |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90015 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Los Angeles</u> <u>                    </u> courthouse in the <u>Central</u> <u>                    </u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>March 24, 2010</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Cassandra J. Zappaterreno

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

· EXHIBIT __A__ PAGE 19

NOTICE SENT TO:

Prata, Robert J., Esq.
Prata & Daley LLP
515 South Figueroa Blvd., Suite 1515
Los Angeles,        CA  90071

FILED
FILE STAMP
LOS ANGELES SUPERIOR COURT

APR 0 5 2010

JOHN A. CLARKE, CLERK

BY M. CASTELLO, DEPUTY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| ALBERT MORA | **CASE NUMBER** |
| Plaintiff(s), | BC434534 |
| VS. | |
| ANSCHUTZ ENTERTAINMENT GROUP INC | **NOTICE OF CASE MANAGEMENT CONFERENCE** |
| Defendant(s). | |

## TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for July 23, 2010 at 8:30 am in Dept. 35 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: April 5, 2010

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: April 5, 2010

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)

Cal. Rules of Court, rule 3.720-3.730

EXHIBIT A PAGE 20

NOTICE SENT TO:

Prata, Robert J., Esq.
Prata & Daley LLP
515 South Figueroa Blvd., Suite 1515
Los Angeles,        CA   90071

FILE STAMP ~~FILED~~
LOS ANGELES SUPERIOR COURT

MAR 2 6 2010

JOHN A. CLARKE, CLERK

BY V. ANDRADE, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| ALBERT MORA | **CASE NUMBER** |
| VS.                                   Plaintiff(s), | BC434534 |
| ANSCHUTZ ENTERTAINMENT GROUP INC<br>                                  Defendant(s). | **Notice of Case Reassignment and of<br>Order for Plaintiff to Give Notice** |

### TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD or PLAINTIFF(S) IN PROPRIA PERSONA:

YOU ARE HEREBY NOTIFIED that effective _April 1, 2010_, an order was made that the above-entitled action, previously assigned to _Helen I. Bendix_, is now and shall be assigned to _Daniel J. Buckley_ as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department _35_. (See Chapter 7, Los Angeles Court Rules.) All matters on calendar in this case will remain set on the dates previously noticed, in the Department indicated above unless otherwise ordered by the court.

NOTICE IS FURTHER GIVEN that the order directs that plaintiff and counsel for the plaintiff shall give notice of this all purpose case assignment by serving a copy of this Notice on all parties to this action within 10 days of service of this Notice by the court, and file proof of service thereof within 12 days of this Notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure Section 177.5 or otherwise.

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: _March 26, 2010_                          John A. Clarke, EXECUTIVE OFFICER/CLERK

By _V. Andrade_, Deputy Clerk

**V. ANDRADE**

EXHIBIT ___A___ PAGE _21_

| Attorney or Party without Attorney:<br>CASSANDRA J. ZAPPATERRENO, ESQ., Bar #208798<br>PRATA & DALEY LLP<br>515 SOUTH FIGUEROA STREET<br>SUITE 1515<br>LOS ANGELES, CA 90071<br>Telephone No: 213-662-5600          FAX No: 213-662-5623 | For Court Use Only<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>APR 0 2 2010<br>John A. Clarke Executive Officer/Clerk<br>By_____, Deputy<br>GLORIETTA ROBINSON |
|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| LOS ANGELES COUNTY SUPERIOR COURT, CENTRAL DISTRICT |
| Plaintiff: ALBERT MORA |
| Defendant: ANSCHUTZ ENTERTAINMENT GROUP, INC., ETC., ET AL. |

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC434534 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; NOTICE OF CASE REASSIGNMENT AND OF ORDER FOR PLAINTIFF TO GIVE NOTICE.

| 3. a. Party served:<br>    b. Person served: | ANSCHUTZ ENTERTAINMENT GROUP, INC., A CORPORATION<br>MARGARET WILSON, PROCESS SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT. |
|---|---|

4. Address where the party was served:   818 W 7TH STREET
                                          LOS ANGELES, CA 90017

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Tue., Mar. 30, 2010 (2) at: 2:45PM
6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: ANSCHUTZ ENTERTAINMENT GROUP, INC., A CORPORATION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*
   a. MOHAMMAD RAFIQUZZAMAN

   **First Legal**
   1511 West Beverly Blvd.
   Los Angeles, CA 90026
   Telephone  (213) 250–9111
   Fax        (213) 250–1197
   www.firstlegalnetwork.com

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*
   e. I am: (3) registered California process server
       (i)   Independent Contractor
       (ii)  *Registration No.:*   5722
       (iii) *County:*             Los Angeles

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Wed, Mar. 31, 2010

EXHIBIT____A____PAGE _22_

1  **BRYAN CAVE LLP**
   PAMELA CARROLL CALVET, California Bar No. 112612
2  CHELSEA D. SPUCK, California Bar No. 217746
   120 Broadway, Suite 300
3  Santa Monica, California  90401-2386
   Telephone:    (310) 576-2100
4  Facsimile:    (310) 576-2200
   E-Mail:        pccalvet@bryancave.com
5
   Attorneys for ANSCHUTZ
6  ENTERTAINMENT GROUP, INC.

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11  ALBERT MORA,                          Case No. BC434534

12              Plaintiff,                Assigned to:  Hon. Daniel J. Buckley

13          v.                            **ANSWER OF DEFENDANT
                                          ANSCHUTZ ENTERTAINMENT
14  ANSCHUTZ ENTERTAINMENT                GROUP, INC. TO UNVERIFIED
    GROUP, INC.; and DOES 1 through 20,   COMPLAINT**
15  inclusive,

16              Defendants.               Complaint Filed:    March 24, 2010

17

18

19       Defendant Anschutz Entertainment Group, Inc. ("AEG" or "Defendant") hereby

20  responds to the allegations contained in the unverified Complaint (the "Complaint") filed

21  by Plaintiff Albert Mora ("Plaintiff"), as follows:

22       Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

23  generally and specifically denies each and every allegation contained in the Complaint.

24  Defendant further denies that Plaintiff has sustained damages in the amount alleged or in

25  any amount whatsoever and also deny that Plaintiff is entitled to any relief of any kind.

26                        **AFFIRMATIVE DEFENSES**

27       Notwithstanding the foregoing, and without waiver of its rights, Defendant asserts

28  the following affirmative defenses:

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 2 9 2010

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
      RIGENA LOPEZ

782828\0119057

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    Neither the Complaint, nor any purported cause of action contained therein, alleges facts sufficient to state a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages Not Available)

2.    Plaintiff is not entitled to recover the punitive damages alleged in the Complaint, and therefore any punitive damages-related allegations should be stricken, because:

a.    Plaintiff has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice.  Civ. Code § 3294(a); and/or

b.    Plaintiff has failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiff, or that Defendant was motivated by evil motive or intent; and/or

c.    Defendant has not committed any alleged oppressive, fraudulent, or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights of others.  Civ. Code § 3294(b); and/or

d.    California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because California's laws, rules, and procedures regarding punitive damages deny due process and impose criminal penalties without the requisite protections, they violate the Fifth and Fourteenth Amendments to the United States Constitution and place an unreasonable burden on interstate commerce; and/or

e.    The imposition of punitive damages in this case would violate Defendant's right to protection against excessive fines, as provided in the Eighth Amendment to the United States Constitution or Article 1, Section 17 of the Constitution

2

1   of the State of California.

2           f.      Punitive damages are not available for any alleged violation of the

3   Family Medical Leave Act, 29 USC. Section 2601, *et seq.* ("FMLA").

4                        THIRD AFFIRMATIVE DEFENSE

5                              (Lack of Damages)

6       3.      Plaintiff has suffered no legally cognizable damages as a result of the matters

7   alleged in the Complaint.

8                        FOURTH AFFIRMATIVE DEFENSE

9                             (Failure to Mitigate)

10      4.      If Plaintiff sustained any damages proximately caused by the conduct alleged

11  in the Complaint, Plaintiff has failed to mitigate any such damages, and to the extent of

12  such failure to mitigate, any damages awarded to Plaintiff must be reduced accordingly.

13                       FIFTH AFFIRMATIVE DEFENSE

14                            (No Proximate Cause)

15      5.      Any act, or omissions to act, by Defendant was not the proximate cause of

16  any injuries suffered by Plaintiff.

17                       SIXTH AFFIRMATIVE DEFENSE

18                            (No Attorneys' Fees)

19      6.      The Complaint, and each purported cause of action contained therein, fails to

20  allege facts sufficient to allow recovery of attorneys' fees from Defendant.

21                      SEVENTH AFFIRMATIVE DEFENSE

22                                (Estoppel)

23      7.      Plaintiff, by reason of his conduct and actions, is estopped from asserting any

24  of his purported causes of action against Defendant.

25                       EIGHTH AFFIRMATIVE DEFENSE

26                                 (Waiver)

27      8.      Plaintiff, by reason of his conduct and actions, has waived any of his

28  purported causes of action against Defendant.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.  Plaintiff, by reason of his conduct and actions, is barred from asserting and recovering on his claims because of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Policy Prohibiting Retaliation)

10.  At all relevant times hereto, Defendant had policies and practices in place to prevent retaliation in the workplace and to provide eligible employees with leave in accordance with the applicable provisions of FMLA and the California Family Leave Act, California Government Code Section 12945.2 ("CFRA").

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Employment Decision)

11.  Any employment-related actions taken with respect to Plaintiff by Defendant were in good faith and taken for legitimate, non-retaliatory, and lawful business reasons unrelated to any request for leave under FMLA or CFRA.

## TWELFTH AFFIRMATIVE DEFENSE

### (Management Discretion)

12.  Any and all conduct of which Plaintiff complains was a just and proper exercise of management discretion by Defendant undertaken for a fair and honest reason and regulated by good faith under the circumstances that existed.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Misconduct)

13.  Plaintiff's conduct concerning the matters alleged in the Complaint constitutes carelessness, negligence, misconduct or bad faith, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused by and contributed to, in whole or in part, by the conduct of Plaintiff.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Good Faith Belief)

14.    Plaintiff had no good faith belief as to the existence of any violation of public policy, nor was there any actual violation of public policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

15.    The allegations and claims asserted in the Complaint, and in each of its purported causes of action, have always been and continue to be frivolous, unreasonable, and groundless.  Plaintiff brought this action in bad faith.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

16.    The Complaint, and each purported cause of action therein, are barred because any decision made with respect to Plaintiff's employment was reasonably based on the facts as Defendant understood them at the time of the decision.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Sufficient Justification and Privilege)

17.    Defendant's conduct with respect to Plaintiff was justified, privileged, and effected in good faith, without malice, spite or conscious, reckless or negligent disregard to Plaintiff's rights, if any, and without improper purpose or motive, maliciousness, or ill will of any kind.  Defendant's conduct was within the reasonable expectation of the parties and was reasonably related to legitimate business interests.  Consistent with the foregoing, Defendant did not directly or indirectly perform or fail to perform any acts which constitute a violation of any rights, if any, of Plaintiff, or a violation of any duty or obligation, if any, owed to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Alternative Cause)

18.    To the extent Plaintiff has suffered any symptoms of mental, emotional, or physical distress or injury, it is the result of pre-existing physical or psychological

EXHIBIT   A   PAGE 27

1 disorders or an alternative concurrent cause, and not the results of any act or omission of

2 Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Superseding and/or Intervening Cause)

19.    To the extent that any of Plaintiff's alleged damages were somehow triggered by the acts or omissions of Defendant, which is denied, there existed a superseding and/or intervening cause for such damages for which Defendant bears no obligation, responsibility, or liability.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Lack of Subject Matter Jurisdiction)

20.    This Court has no jurisdiction over the subject matter of some or all of the purported causes of action alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Scope of Relief)

21.    Plaintiff's causes of action for alleged violations of the Fair Employment and Housing Act ("FEHA") and the CFRA, Gov. Codes 12900, *et seq.*, are barred to the extent predicated upon events, incidents, acts, allegations, or omissions that are not the subject of or are outside the scope of a charge of discrimination filed with the Department of Fair Employment and Housing.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (No Protected Activity)

22.    The Complaint fails to state a cause of action for retaliation, because Plaintiff did not engage in any protected activity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (No Retaliation or Interference)

23.    The Complaint and each cause of action alleged therein fail to state a claim upon which relief can be granted, because any actions taken with respect to Plaintiff's employment were unrelated to his purported protected activity, if any.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Compliance with Applicable Laws and Regulations)

24.  The Complaint, and each purported cause of action alleged in the Complaint, is barred, in whole or in part, because Defendant has complied with any and all applicable statutes, regulations and/or laws governing the employment relationship (to the extent Defendant was required to do so).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Liquidated Damages Under FMLA)

25.  To the extent that Plaintiff seeks liquidated damages, Plaintiff's claims for such damages are barred because Defendant had a good faith, reasonable belief that all of its actions were lawful and were not violative of the FMLA.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

26.  To the extent that Defendant may be found to have violated the FMLA, CFRA, and/or FEHA (which it denies), any such violation was in good faith, and Defendant had reasonable grounds for believing that there had not been a violation of the FMLA, CFRA, or FEHA.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Regulations Inconsistent)

27.  To the extent that the regulations issued by the Department of Labor regarding the FMLA purport to provide rights greater than or different from that provided by the FMLA itself, those regulations are invalid.  To the extent that the regulations issued by the California Fair Employment and Housing Commission regarding the CFRA purport to provide rights greater than or different from provided by the CFRA itself, those regulations are invalid.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Reasonable Belief)

28.  Plaintiff's retaliation claim is barred, because Plaintiff did not hold

1 | and

2 |      4.     For such other and further relief as the Court deems just and proper.

3 | Dated:      April 27, 2010        Respectfully submitted,

4 | **BRYAN CAVE LLP**

5 |

6 | By: _Pamela Carroll Calvet_

7 | PAMELA CARROLL CALVET
    Attorneys for ANSCHUTZ ENTERTAINMENT

8 | GROUP, INC.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On April 29, 2010, I served the foregoing document, described as **ANSWER OF DEFENDANT ANSCHUTZ ENTERTAINMENT GROUP, INC. TO UNVERIFIED COMPLAINT**, on each interested party in this action, as follows:

Robert J. Prata, Esq.                          *Attorneys for Plaintiff*
Cassandra J. Zappaterreno, Esq.
Nathan D. Clark Esq.
Prata & Daley LLP
515 South Figueroa Street, Suite 1515
Los Angeles, CA 90071
Telephone: (213) 622-5600
Facsimile: (213) 622-5623

☒   (BY MAIL) I placed a true copy (or original) of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐   (BY FEDEX) I deposited in a box or other facility maintained by FedEx, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☐   (BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number set forth above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☐   (BY E-MAIL) I caused a true copy of the foregoing document to be served by e-mail at the e-mail address set forth above. Each e-mail was complete and no reports of error were received.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 29, 2010, at Santa Monica, California.

_____
Karen Minutelli

PROOF OF SERVICE

EXHIBIT ___A___ PAGE 31

1

**PROOF OF SERVICE**

2
3
    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

4
5
6
    On April 29, 2010, I served the foregoing document, described as **DEFENDANT ANSCHUTZ ENTERTAINMENT GROUP, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331 AND 1441(a),(b)**, on each interested party in this action, as follows:

7
8
9
10
    Robert J. Prata, Esq.                          *Attorneys for Plaintiff*
    Cassandra J. Zappaterreno, Esq.
    Nathan D. Clark Esq.
    PRATA & DALEY LLP
    515 South Figueroa Street, Suite 1515
    Los Angeles, CA 90071
    Telephone: (213) 622-5600
    Facsimile: (213) 622-5623

11
12
13
14
15
    ☒   (BY MAIL) I placed a true copy (or original) of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

16
17
    ☐   (BY FEDEX) I deposited in a box or other facility maintained by FedEx, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

18
19
20
    ☐   (BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number set forth above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

21
22
    ☐   (BY E-MAIL) I caused a true copy of the foregoing document to be served by e-mail at the e-mail address set forth above. Each e-mail was complete and no reports of error were received.

23
24
    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

25
    Executed on April 29, 2010, at Santa Monica, California.

26
27
                          *[signature]*
                          Karen Minutelli

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

782956\0119057

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV10- 3242 DSF (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

_____

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check if you are representing yourself ☐)
ALBERT MORA

**DEFENDANTS**
ANSCHUTZ ENTERTAINMENT GROUP, INC.; and DOES 1 through 20, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert J. Prata   (213) 622-5600
Cassandra J. Zappaterreno / Nathan D. Clark
PRATA & DALEY LLP
515 S. Figueroa Street, Suite 1515
Los Angeles, CA 90071

Attorneys (If Known)
Pamela Carroll Calvet   (310) 576-2100
Chelsea D. Spuck
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2396

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ Unspecified

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Family Medical Leave Act (FMLA), 29 USC 2601, et seq. Plaintiff alleges interference and retaliation under FMLA.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV10-3242

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles. | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles. | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Pamela Carroll Oliver_　Date April 28, 2010

　　　**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com